IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES CAMDEN, JR.                                                    PLAINTIFF

vs.                              Civil No. 6:10-cv-06007

MICHAEL J. ASTRUE                                                      DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

Charles Camden, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying his application

for a period of disability, and Supplemental Security Income ("SSI") under Title XVI of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 6.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff filed his application for SSI on April 15, 2008.  (Tr. 10).  Plaintiff alleged he was

disabled due to degenerative disc disease, hepatitis C, and bipolar disorder.  (Tr. 78-82).  Plaintiff

alleged an onset date of May 31, 2006.  (Tr. 78).  However, SSI benefits are not payable for a period

prior to the protective filing date of Plaintiff's application, which was April 15, 2008. (Tr. 78). This

application was initially denied on August 5, 2008 and was denied again on reconsideration on

---

[1] The docket numbers for this case are referenced by the designation "ECF No."  The transcript pages for this
case are referenced by the designation "Tr."

September 3, 2008.  (Tr. 50-57).

On September 12, 2008, Plaintiff requested an administrative hearing on his application.  (Tr. 58).  This hearing was held on April 1, 2009 in Hot Springs, Arkansas.  (Tr. 30-47).  Plaintiff was present and was represented by counsel, Charles Padgham, at this hearing.  *See id.*  Plaintiff, and Vocational Expert ("VE") Beth Clem testified at this hearing.  *See id*.  On the date of this hearing, Plaintiff was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2009), and graduated high school.  (Tr. 33).

On July 6, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI.  (Tr. 10-21).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 15, 2008.  (Tr. 12, Finding 1).  The ALJ determined Plaintiff had the severe impairments of bipolar II disorder, polysubstance abuse in full remission, personalty disorder, degenerative changes in lumbar spine, and hepatitis C .  (Tr. 12, Finding 2).  The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 12, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-16).  First, the ALJ evaluated Plaintiff's subjective complaints pursuant to the requirements of *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) and found his claimed limitations were not totally credible.  (Tr. 16).  Second, the ALJ determined, based upon this review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, Plaintiff retained the RFC to perform light work activities where interpersonal contact would need to be incidental to work performed; tasks must be learned by rote with limited judgment; little supervision for routine tasks and detailed supervision for non-routine tasks.  (Tr. 14, Finding 4).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and his ability to perform that work and other work in the national economy.  (Tr. 19, Findings 5, 9).  Plaintiff and the VE testified at the administrative hearing regarding these issues.  (Tr. 24-26, 35-36).  Based upon this testimony, the ALJ determined, considering his RFC, Plaintiff would be unable to perform any of his PRW.  (Tr. 19, Finding 5).

The ALJ also determined, however, Plaintiff retained the ability to perform other work existing in significant numbers in the national economy.  (Tr. 19, Finding 9).  Specifically, the VE testified Plaintiff would be able to perform work as a cashier with approximately 9,200 such jobs in Arkansas and 960,000 such jobs in the nation and work as factory work/machine operator with approximately 4,900 such jobs in Arkansas and 155,000 such jobs in the nation.  (Tr. 20).  Thereafter, the ALJ determined Plaintiff had not been under a disability as defined by the Act from April 15, 2008, through the date of the decision.  (Tr. 20, Finding 10).

On July 6, 2009, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 4-6).  *See* 20 C.F.R. § 404.968.  On January 13, 2010, the Appeals Council declined to review the ALJ's unfavorable decision.  (Tr. 1-3).  On February 10, 2010, Plaintiff filed the present appeal. ECF  No. 1.  The parties consented to the jurisdiction of this Court on February 24, 2010. ECF  No. 6.  Both parties have filed appeal briefs.  ECF Nos. 8,9.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses

the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently

engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming: (1) the ALJ erred in his evaluation of Plaintiff's

alleged mental impairments, and (2) the ALJ erred in his RFC determination. In response, Defendant

argues: (1) the ALJ properly evaluated Plaintiff's alleged mental impairments, and (2) the ALJ

properly determined Plaintiff's RFC.

**A. Evaluation of Mental Impairment**

The ALJ must determine whether Plaintiff has a severe impairment that significantly limits

the physical or mental ability to perform basic work activities. A medically determinable impairment

or combination of impairments is severe if it significantly limits an individual's physical or mental

ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521 and 416.921.

In this case the ALJ found Plaintiff did suffer from impairments considered to be severe

within the meaning of the Social Security regulations. These impairments included bipolar II

disorder, polysubstance abuse in full remission, personalty disorder, degenerative changes in lumbar

spine, and hepatitis C. (Tr. 12, Finding 2). However, there was no substantial evidence in the record

showing Plaintiff's condition was severe enough to meet or equal that of a listed impairment as set

forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1. Plaintiff has the burden

of establishing that his impairment(s) meet or equal an impairment set out in the  Listing of

Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

Plaintiff appears to argue he meets or equals Listing 12.00, *et seq* for Mental Disorders. Plaintiff does not list a specific Listing under 12.00 that he meets, but rather argues he meets the requirements of the part "B"criteria that are found in several of the mental disorder listings. These mental disorder listings require that at least two of the following part "B" criteria be satisfied: (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration.

The record medical evidence does not support a finding that Plaintiff meets any Listing under 12.00. Plaintiff underwent a mental diagnostic evaluation by Dr. Janet E. L'Abbe, Ph.D., on July 7, 2007. (Tr. 136-142). Plaintiff reported symptoms consistent with mood instability and indicated his symptoms had been present since his father's death in 1998, and were exacerbated by being diagnosed with Hepatitis C. (Tr. 136). At the time of his evaluation, Plaintiff was taking no psychiatric medication. (Tr. 137). Dr. L'Abbe found Plaintiff pleasant and cooperative, with a dysthymic mood and a flat affect. (Tr. 138-139). Plaintiff's thought process was logical and goal directed, and his associations were adequately connected. (Tr. 139). Plaintiff's thought content was void of delusional or obsessional material, but positive for suicidal ideation. (Tr. 139). Plaintiff denied any hallucinatory or delusional episodes and was oriented in all spheres. (Tr. 139).

Dr. L'Abbe's Axis I diagnoses were bipolar II disorder, most recent episode depressed, rapid cycling, and substance abuse, sustained full remission. The Axis II diagnosis was personality disorder, NOS. (Tr. 141). Dr. L'Abbe concluded Plaintiff was able to communicate without difficulty and react in a socially adequate manner. (Tr. 141). Additionally, Dr. L'Abbe indicated Plaintiff had the cognitive ability to cope with basic, work-like tasks, had increased difficulty to

sustain concentration, is likely to have no difficulties in both task initiation and persistence, and is likely to have no difficulties with completing work-like tasks within an acceptable time-frame. (Tr. 141-142).

There is no record of Plaintiff seeking or being referred for mental health treatment. Plaintiff's lack of mental health treatment and Dr. L'Abbe's assessment provide substantial evidence to support the ALJ's determination regarding Plaintiff's mental impairments and his findings of mild limitations in his activities of daily living, moderate limitations in his social functioning and concentration persistence and pace, and no evidence of deterioration or decompensation. (Tr. 12-13).

Plaintiff has shown no marked restrictions in his daily activities, social functioning, or maintaining concentration, persistence or pace, or episodes of decompensation as set out in part "B" criteria, nor has Plaintiff shown he meets any Listing under 12.00. Substantial evidence supports the ALJ's determination Plaintiff did not have an impairment or combination of impairments equal to one listed in 20 C.F.R. pt. 404, subpt. P, app.

**B. RFC Determination**

Plaintiff claims the medical evidence does not support the ALJ's RFC finding that Plaintiff could perform work at the light level. Defendant claims substantial evidence supports the ALJ's RFC determination of decision of Plaintiff.

This Court finds the ALJ's RFC determination is supported by substantial evidence and in making that determination, the ALJ provided a sufficient basis for his RFC determination. Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v.*

7

*Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004).  The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).  The plaintiff has the burden of producing documents to support his or her claimed RFC.  *See Cox*, 160 F.3d at1206;  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination.  *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001).  Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole.  *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

The ALJ found Plaintiff retained the RFC to perform light work activities where interpersonal contact would need to be incidental to work performed; tasks must be learned by rote with limited judgment; little supervision for routine tasks and detailed supervision for non-routine tasks.  (Tr. 14, Finding 4).  Considering this RFC, the ALJ found Plaintiff would be unable to perform his PRW.  (Tr. 19, Finding 5).

As discussed  above, the mental limitations found by the ALJ are consistent with Plaintiff's lack of mental health treatment or complaints to treating sources of any mental health problems and the mental diagnostic evaluation of Dr. L'Abbe.  Additionally, the physical limitations found by the ALJ are also consistent with the objective medical reports of record.

On December 7, 2007, Plaintiff was seen at the St. Joseph's Mercy Health Center for right upper quadrant abdominal discomfort. (Tr. 165). Plaintiff underwent laboratory tests which showed

Plaintiff had a "slight" elevation of his liver enzymes, but a sonogram was negative.  (Tr. 165).

Plaintiff was diagnosed with possible hepatitis and told to follow up with his family doctor.  (Tr. 165).

On April 16, 2008, Plaintiff was seen by Dr. Roy L. Puen for complaints of left upper quadrant pain.  (Tr. 173).  Dr. Puen suspected a hernia, and ordered an abdominal CT scan.  (Tr. 173).  Plaintiff underwent an an abdominal CT scan on April 18, 2008 and it showed no significant findings.  (Tr. 172).  On April 30, 2008, Plaintiff returned to be seen by Dr. Puen.  (Tr. 171).  Dr. Puen diagnosed Plaintiff with a possible hernia and prescribed Prevacid.  (Tr. 171).

Plaintiff has the burden of establishing his claimed RFC.  *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)).  Because Plaintiff has not met his burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds that the ALJ's RFC determination should be affirmed.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **2ⁿᵈ day of March, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE